IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLYDE RENDELL SHOOP,<br>           Plaintiff | : <br> : <br> : | <br> <br> No. 3:17-CV-0912 |
| v. | : <br> : | |
| TROOPER ERIN K. CAWLEY,<br>LAST CHANCE RANCH and<br>MCCUTCHEON,<br>           Defendants | : <br> : <br> : <br> : | Electronically Filed Document |

## DEFENDANT CAWLEY'S
## ANSWER TO THE COMPLAINT AND
## AFFIRMATIVE DEFENSES

Defendant Pennsylvania State Trooper Cawley answers Plaintiff's Complaint as follows:

1. Admitted. By way of further response, Plaintiff's veterinary license was suspended for a period of three (3) years retroactive to February 12, 2016 but the suspension was immediately stayed and lifted in favor of probation for the remainder of the three (3) year term.

2. Admitted.

3. Admitted.

4. Admitted.

5. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

6. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

7. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

8. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

9. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

10. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

11. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

12. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

13. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

14. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

15. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

    a. - f. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

16. Admitted that Ms. Szoke contacted Ms. Crum. Answering defendants are without knowledge or information sufficient to form a belief as the truth of averments regarding the date that the call was made and what was discussed during the call, which are therefore denied.

17. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

18. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

19. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

20. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

21. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

22. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

23. Admitted that Ms. Szoke contacted Defendant Cawley. Answering defendant is without knowledge or information sufficient to form a belief as the truth of averments regarding the date that the call was made and whether "problems with Ms. Shoop's horses" was discussed during the call, which are therefore denied.

24. Admitted that animals were seized from the Shoop farm on January 22, 2016. By way of further response, the seizure was authorized by a valid search warrant that was based on probable cause. (Attachment One, herein). It is denied that the seizure occurred "as a result of Ms. Szoke's communications with Defendant Cawley."

24. a. & 24. b.    Admitted that the horses on the farm were malnourished. Answering defendant is without knowledge or information sufficient to form a belief as the truth of averments regarding whether the horses were Ms. Shoop's horses, which is therefore denied.

24. c. & 24. d.    Admitted that sheep and goats were seized pursuant to a valid search warrant that was issued based upon probable cause. It is denied that the seizure of the sheep and goats occurred on January 22, 2016. Answering

defendant is without knowledge or information sufficient to form a belief as the truth of averments regarding whether the sheep and goats were "well-nourished and properly cared for," which is therefore denied.

24. e. Admitted that Queenie had a halter. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of averments regarding whether Queenie was "well-nourished and properly cared for," which is therefore denied. It is denied that the seizure of Queenie occurred on January 22, 2016.

24. f. Admitted that the seizure of the collies occurred on January 22, 2016. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of averments regarding whether the collies were "well-nourished and properly cared for," which is therefore denied.

24. g. Admitted that the seizure of Chester occurred on January 22, 2016.

24. h. Admitted that the seizure of Jeffery occurred on January 22, 2016.

25. Admitted that Ms. Sharpless and Ms. Crum were at the farm on January 22, 2016.

26. Denied.

27. Admit.

28. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

29. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

30. Denied as stated. By way of further response, at all times relevant to this seizure, the Commonwealth contended that the Penal Code was violated.

31. This paragraph contains a conclusions of law which requires no response.

32. a. Admitted that the report states this.

32. b. Admitted that the report states this.

32. c. Admitted that the report states this.

32. d. Admitted that the report states this.

32. e. Denied that the report states that "Dr. Shoop owned all the dogs but one, the sheep, the goats, the pig, the horses except for one buckskin gelding, and the cows." Denied that Defendant Cawley knew that the information provided to her was "patently untrue."

33. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of whether the

"neighbors that adjoined the farm knew that Ms. Shoop's horses were owned and cared for by Ms. Shoop," which are therefore denied. Denied that Defendant Cawley "should have obtained information from the neighbors concerning" the ownership of the horses.

34. Denied as stated. By way of further response, Defendant Cawley seized all of the property pursuant to a valid search warrant that was issued based upon probable cause. The remainder of the averments in this paragraph are denied.

35. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

36. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

37. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, which are therefore denied.

38. Answering defendant's responses to paragraphs 1 – 37 are incorporated herein by reference in response to this paragraph.

39. This paragraph consists of legal conclusions to which no response is required. Any factual averments are denied.

40. Admitted.

41. Denied as stated. By way of further response, Defendant Cawley seized all of the property pursuant to a valid search warrant that was issued based upon probable cause. After reasonable investigation, Defendant Cawley is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in this paragraph, which are therefore denied.

42. Admitted that Defendant Cawley spoke with Plaintiff. The remainder of this averment is denied as it contains a conclusion of law to which no response is required.

43. The paragraph contains a conclusion of law to which no response is required.

44. Denied as stated. By way of further response, when animals are seized pursuant to a validly issued search warrant, animal rescue organizations are contacted to determine if they can foster the seized animals.

45. This paragraph contains conclusions of law which requires no response.

46. Denied.

47. Denied.

    47. a.    Denied

  47. b.  Denied

  47. c.  Denied.

  48 – 73  These paragraphs consist of legal allegations against a non-answering defendant.  No response from Defendant Cawley is required.

## **AFFIRMATIVE DEFENSES**

  1.  The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Mullenix v. Luna,* 136 S.Ct. 305 (2015)

  2.  Qualified immunity is only available in suits against public officials sued in their personal capacity, not suits against officials who are sued in their official capacity.

  3.  Unreasonable actions in executing a search warrant that would violate the Fourth Amendment include the use of excessive force or restraints that cause unnecessary pain or are imposed for a prolonged and unnecessary time.

  4.  The test for unreasonableness under the Fourth Amendment, in the context of executing a search warrant is an objective one. *Los Angeles County v. Rettele,* 550 U.S. 609 (2007).

  5.  The proper inquiry in deciding whether the officer is protected by qualified immunity for a Fourth Amendment violation that occurs when he

conducts the execution of a search warrant, is whether a reasonably well-trained officers in the defendant's position would have known that his affidavit failed to establish probable cause. *Messerschmidt v. Millender,* 132 S.Ct. 1235 (2012).

6. Defendant Cawley is protected from Plaintiff's claims by the qualified immunity.

7. Defendant Cawley executed a search warrant that was based on probable cause and signed by a neutral judge. *See, Attachment One*

                                  **Respectfully submitted,**

                                  **JOANNA REYNOLDS**
                                  **Chief Counsel**

                                  **By:** _____*s/ Linda J. Randby*_____
                                            **LINDA J. RANDBY**

**Office of Chief Counsel**                  **Attorney**
**Pennsylvania State Police**            **Attorney ID No. 71012**
**1800 Elmerton Ave**
**Harrisburg, PA 17110**                **Counsel for Defendant**
**Phone: (717) 783-5568**                **Trooper Erin K. Cawley**

lrandby@pa.gov

**Date: September 1, 2017**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLYDE RENDELL SHOOP, : | |
| Plaintiff : | |
| : | No. 3:17-CV-0912 |
| v. : | |
| : | |
| TROOPER ERIN K. CAWLEY, : | Electronically Filed Document |
| LAST CHANCE RANCH and : | |
| MCCUTCHEON, : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, Linda J. Randby, Attorney for the Pennsylvania State Police, hereby certify that on September 1, 2017, I caused to be served a true and correct copy of the foregoing document titled Defendant Cawley's Answer to the Complaint and Affirmative Defenses to the following:

**VIA ECF**
Armin Feldman, Esquire
P.O. Box 537
Lehighton, PA  18235
arminfeldman@gmail.com
*Counsel for Plaintiff*

**VIA U.S. MAIL**
Last Chance Ranch
9 Beck Road
Quakertown, PA  18951
*Defendant*

Lori McCutcheon
9 Beck Road
Quakertown, PA  18951
*Defendant*

s/*Linda J. Randby*
**LINDA J. RANDBY**
**Attorney for Pennsylvania State Police**