**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLYDE RENDELL SHOOP,<br><br>Plaintiff,<br><br>vs.<br><br>TROOPER ERIN K. CAWLEY, LAST CHANCE RANCH AND LORI MCCUTCHEON,<br><br>Defendants. | :<br>:<br>: NO. 3:17-CV-0912<br>:<br>: (JUDGE: MANNION)<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>: |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
LAST CHANCE RANCH AND LORI MCCUTCHEON**

Defendants, Last Chance Ranch and Lori McCutcheon, by and through their counsel, Post & Schell, P.C., hereby file this Answer with Affirmative Defenses and aver as follows:

1. Denied. After reasonable investigation, Answering Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations in the corresponding paragraph of Plaintiff's Complaint and, therefore, said allegations are denied.

2. The allegations in the corresponding paragraph of Plaintiff's Complaint are directed towards a party other than Answering Defendants and, therefore, no response is required.

3. Admitted.

4. Admitted.

5.-16. Denied. After reasonable investigation, Answering Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations in the corresponding paragraphs of Plaintiff's Complaint and, therefore, said allegations are denied.

17. Denied. Plaintiff refers to a document which speaks for itself and Answering Defendants deny any inconsistent characterization thereof.

18.-23. Denied. After reasonable investigation, Answering Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations in the corresponding paragraphs of Plaintiff's Complaint and, therefore, said allegations are denied.

24. Denied upon information and belief.

25. Denied. After reasonable investigation, Answering Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations in the corresponding paragraph of Plaintiff's Complaint and, therefore, said allegations are denied.

26. Denied upon information and belief.

27.-30. Denied. After reasonable investigation, Answering Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations in the corresponding paragraphs of Plaintiff's Complaint and, therefore, said allegations are denied.

31. This paragraph of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied and strict proof is hereby demanded at the time of trial.

32. Denied. Plaintiff refers to a document which speaks for itself and Answering Defendants deny any inconsistent characterization thereof.

33. Denied. After reasonable investigation, Answering Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations in the corresponding paragraph of Plaintiff's Complaint and, therefore, said allegations are denied.

34. This paragraph of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied and strict proof is hereby demanded at the time of trial.

35.-37. Denied. After reasonable investigation, Answering Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations in the corresponding paragraph of Plaintiff's Complaint and, therefore, said allegations are denied.

## COUNT I

## PLAINTIFF V. TROOPER

## ACTION PURSUANT 42 USC § 1983

38. The above paragraphs of Answering Defendants' Answer are incorporated herein as though the same were fully set forth.

39.-47. The allegations in the corresponding paragraph of Plaintiff's Complaint are directed towards a party other than Answering Defendants and, therefore, no response is required.

WHEREFORE Defendants, Last Chance Ranch and Lori McCutcheon, demand judgment in their favor and against Plaintiff along with such other relief as the Court deems appropriate.

## COUNT II

## PLAINTIFF V. LAST CHANCE RANCH AND LORI MCCUTCHEON

48. The above paragraphs of Answering Defendants' Answer are incorporated herein as though the same were fully set forth.

49.-54. These paragraphs of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied and strict proof is hereby demanded at the time of trial.

WHEREFORE Defendants, Last Chance Ranch and Lori McCutcheon, demand judgment in their favor and against Plaintiff along with such other relief as the Court deems appropriate.

## COUNT III

## PLAINTIFF V. LAST CHANCE RANCH AND LORI MCCUTCHEON

55. The above paragraphs of Answering Defendants' Answer are incorporated herein as though the same were fully set forth.

56. This paragraph of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied and strict proof is hereby demanded at the time of trial.

57. Denied. Plaintiff refers to a document which speaks for itself and Answering Defendants deny any inconsistent characterization thereof.

58. Denied. After reasonable investigation, Answering Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations in the corresponding paragraph of Plaintiff's Complaint and, therefore, said allegations are denied.

59. Denied. Plaintiff refers to a document which speaks for itself and Answering Defendants deny any inconsistent characterization thereof.  As to the remaining allegations of the corresponding paragraph of Plaintiff's Complaint, after reasonable investigation, Answering Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, said allegations are denied.

60. Denied. Plaintiff refers to a document which speaks for itself and Answering Defendants deny any inconsistent characterization thereof.

61. Denied. After reasonable investigation, Answering Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations in the corresponding paragraph of Plaintiff's Complaint and, therefore, said allegations are denied.

62. Denied. Plaintiff refers to a document which speaks for itself and Answering Defendants deny any inconsistent characterization thereof.  As to the remaining allegations of the corresponding paragraph of Plaintiff's Complaint, after reasonable investigation, Answering

Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, said allegations are denied.

63. This paragraph of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied and strict proof is hereby demanded at the time of trial.

64.-65. Denied. After reasonable investigation, Answering Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations in the corresponding paragraphs of Plaintiff's Complaint and, therefore, said allegations are denied.

66.-73. These paragraphs of Plaintiff's Complaint states a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied and strict proof is hereby demanded at the time of trial.

WHEREFORE Defendants, Last Chance Ranch and Lori McCutcheon, demand judgment in their favor and against Plaintiff along with such other relief as the Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Claims of Plaintiff may be barred and/or limited by any and all affirmative defenses pursuant to Federal R. C. P. 8(c) as discovery may prove including, but not limited to, accord and satisfaction, arbitration and award, assumption of risk, payment, release and statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

The Claims of Plaintiff may be barred to the extent that it is established that he has failed to state a cause of action upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

The Claims of Plaintiff may be barred or otherwise limited by the Fair Share Act, 42 Pa.C.S. § 7102 and/or the Uniform Contribution among Tortfeasor's Act, 42 Pa. C.S. § 8321 *et seq*.

**FOURTH AFFIRMATIVE DEFENSE**

The actions and/or omissions of Answering Defendants were not the cause of the subject incident and/or did not cause the injuries and/or losses alleged by Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

If Plaintiff sustained the injuries and/or damages alleged, proof of which is specifically demanded, said injuries and/or damages may have been the result of the negligent and/or careless acts and/or omissions of Plaintiff and/or other persons and/or entities over which the Responding Party exercised no control.

**SIXTH AFFIRMATIVE DEFENSE**

The Claims of Plaintiff may be barred pursuant to the doctrine of intervening and/or superseding cause.

**SEVENTH AFFIRMATIVE DEFENSE**

The Claims of Plaintiff may be barred or limited pursuant to the doctrines of res judicata and/or collateral estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

The Claims of Plaintiff may be barred because this Honorable Court may not have jurisdiction.

**NINTH AFFIRMATIVE DEFENSE**

The Claims of Plaintiff may be barred and/or limited to the extent it is established that his own conduct was a cause of the injuries and damages alleged.

**TENTH AFFIRMATIVE DEFENSE**

The Claims of Plaintiff may barred and/or limited to the extent that Answering Defendants are immune from liability.

**POST & SCHELL, P.C.**

Dated: October 11, 2017

By: s/ *John W. Croumer*
Daniel S. Altschuler, Esquire
I.D. #PA49470
John W. Croumer, Esquire
I.D. # PA208170
Attorneys for Defendants
Last Chance Ranch and Lori McCutcheon

## CERTIFICATE OF SERVICE

I, John W. Croumer do hereby certify that I caused a true and correct copy of the foregoing document(s) to be served upon the following person(s) at the following address(es) by sending same via Electronic Service (same is available for viewing and downloading from the ECF system):

Armin Feldman, Esquire
P.O. Box 537
Lehighton, PA 18235

Linda J. Randby, Esquire
Office of Chief Counsel
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA 17110

**POST & SCHELL, P.C.**

Dated: October 11, 2017

By: s/ *John W. Croumer*
John W. Croumer, Esquire
I.D. # PA208170
Attorneys for Defendants
Last Chance Ranch and Lori McCutcheon